## Case No. 13,883.

### THIELMAN v. REYNOLDS.

[Syllabi, 4.]

Circuit Court, D. Minnesota. 1876.

ESTOPPEL—ELECTION OF REMEDIES—ACTION FOR CONVERSION—RESCISSION OF CONTRACT.

[1. Plaintiff held the warehouse certificate of H. & Co. for a special deposit of spring wheat, but, on demanding the same, was informed that they had sold it to defendant. H. & Co. then agreed to pay plaintiff $1.10 per bushel for the wheat, made a part payment in cash, and for the remainder gave him a bill of sale of a bin of winter wheat then in their warehouse. Shortly afterwards they informed him that the winter wheat did not belong to them, but was purchased with defendant's money, and they were merely his agents. Thereupon plaintiff brought replevin against H. & Co. for the winter wheat, but defendant was admitted as a party, and found to be the owner thereof. Plaintiff then sued defendant for conversion of his spring wheat. Held, that the doctrine of estoppel by election of remedies did not apply, for plaintiff's agreement with H. & Co. to take the winter wheat in part payment implied a warranty of title thereto, and as H. & Co. were shown to have had no title, he was remitted to his original remedies for the conversion of his spring wheat, of which conversion defendant was equally guilty with H. & Co.]

[2. The rule that he who rescinds a contract must return all that he received under it did not apply, so as to require plaintiff to restore to H. & Co. the cash payment, as a prerequisite to maintaining the suit; for, as they were unable to restore his spring wheat, it was sufficient that the amount of his recovery should be reduced by the amount of the cash payment.]

[This was an action by Christian Thielman against Joseph Reynolds to recover damages for the conversion of certain wheat. There was a verdict for plaintiff, and defendant moved for a new trial.]

The plaintiff brought suit to recover damages for a conversion of his spring wheat in the year 1874. It appeared at the trial, that on April 20, 1874, the plaintiff held the warehouse certificate of Hoag & Co., of Wabasha, Minnesota, for a special deposit of 1,196½ bushels of spring wheat. He made a demand for the same, and one of the firm informed him the wheat had been sold by them and shipped to Joseph Reynolds, the defendant. Hoag & Co. finally agreed to pay for the wheat at the rate of $1.10 per bushel. It is undisputed that plaintiff, when he dis-

covered Hoag & Co. had sold the wheat, consented to take $1.10 per bushel, and did receive in cash $300, and for the balance a bill of sale of a bin of winter wheat in their warehouse, which they affirmed belonged to them. On the next or second day after this arrangement, Hoag & Co. told plaintiff they were the agents of the defendant, and the winter wheat was purchased with his money, and did not belong to them. It is also undisputed that Hoag & Co. were storing wheat on their own account. When a demand was made for the winter wheat, plaintiff was informed it had been purchased with defendant's money, and he then brought an action of replevin against Hoag & Co. in the state court, and on a trial defendant, being admitted as a party, he (the present defendant) was decided to be the owner. It is also undisputed that defendant received from Hoag & Co. the spring wheat, and plaintiff has never realized any more than $300 for it. There was evidence to show the market value of spring wheat at the time of the conversion.

Upon these facts disclosed, the court instructed the jury that the plaintiff was entitled to recover, and the measure of damages would be the actual value of the wheat taken at the time of conversion, and that a deduction from the amount found should be made of $300. The jury rendered a verdict for the plaintiff. Defendant now moves for a new trial, and urges that, on the undisputed facts, the court erred in giving this instruction, and the defendant was entitled to a verdict; that the plaintiff occupies in this suit a position inconsistent with his previous conduct.

Bigelow, Flandrau & Clark and S. L. Campbell, for plaintiff.

Wilson & Taylor, for defendant.

Before DILLON, Circuit Judge, and NELSON, District Judge.

NELSON, District Judge. It is claimed the plaintiff cannot maintain this suit; that by the attempt to enforce, under the warehouse receipt, his right to the winter wheat, he elected to ratify the transaction with Hoag & Co., and thereby affirmed the title to the spring wheat in Reynolds, the defendant. The general doctrine of estoppel by election of remedies is agreed to, as claimed; but this case does not fall within the rule. At the time plaintiff presented his certificate of special deposit, and demanded his spring wheat, April 20, 1874, Hoag & Co. had wrongfully parted with it. His legal remedies then were either to sue for the value, or to follow his wheat. He did neither. But Hoag & Co. agreed to allow him $1.10 per bushel, and paid $300 in cash, and "turned out" for the balance a bin of winter wheat in their warehouse, affirming that it belonged to them. In this transaction, the title to the winter wheat was warranted

when Hoag & Co. gave the warehouse receipt. Subsequently, when informed they were not the owners, plaintiff commenced suit to settle the question. In his effort to obtain possession he failed, and the defendant in this suit was declared to be the owner. This result determined that Hoag & Co. had not fulfilled the conditions of the sale, and had not satisfied the demand of the plaintiff. The sale was not to be concluded until the winter wheat came into his actual possession. If a conditional sale and delivery of chattels is made, and the vendee fails to perform, the vendor can recover his property, or its value; and if the sale and delivery is induced by fraud, the property or its value can be recovered from the vendee, notwithstanding its manual tradition, or from any person claiming title through him. The failure of ownership in Hoag & Co., determined by the result of the replevin suit, remitted plaintiff to all the remedies he possessed when he demanded his special deposit, and this defendant, being equally guilty of a conversion, is liable. It makes no difference, as I can perceive, that legal proceedings were taken to settle the title to the winter wheat. The demand of the plaintiff was not satisfied, as that suit determined, and the title to the spring wheat did not pass from the plaintiff by this transaction with Hoag & Co. It is urged that the acceptance of $300 in part payment, and failure to return it, is inconsistent with the effort to recover in this action. Ordinarily, the party who rescinds a contract should return all he has received upon it. This is only necessary to place himself in his original position. But here, it is manifest, Hoag & Co. could not restore the spring wheat, and plaintiff was not obliged to tender or return the $300. The plaintiff should be indemnified to the extent of his loss only, and, as Hoag & Co. were the agents of Reynolds, it was proper that judgment should be reduced pro tanto. I find no error upon a full review of the case. New trial denied.